# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| RICHARD TYLER VANNEWHOUSE and RICHARD KIRK VANNESHOUSE, <br><br> Plaintiffs, <br><br> v. <br><br> EFFINGHAM COUNTY BOARD OF COMMISSIONERS; JIMMY McDUFFIE, in his capacity as Sheriff of Effingham County, Georgia; DEPUTY ZACHARY BROOKS, individually and in his official capacity as deputy of Effingham County; DEPUTY SGT. MAX BARBER, individually and in his official capacity as deputy of Effingham County; DEPUTY STEVE DAVIS, individually and in his official capacity as deputy of Effingham County; and DEPUTY JOHN PRESTON MORRIS, III, individually and in his official capacity as deputy of Effingham County, <br><br> Defendants. | CV 4:24-006 |

**ORDER**

Before the Court is a motion to dismiss filed by Defendant Effingham County Board of Commissioners (the "County"), dkt. no. 12, and a motion to dismiss filed by Defendant Sheriff Jimmy McDuffie, along with Defendants Deputy Zachary Brooks, Deputy Max Barber, Deputy Steve Davis, and Deputy John Morris (the "Deputy Defendants"), dkt. no. 13.  Plaintiff has filed no response, and

the time for doing so has passed. The motions are now ripe for review.

## BACKGROUND

The following facts are alleged in the complaint. On an unspecified date, deputies of the Effingham County Sheriff's Department were dispatched to investigate one vehicle following another. Dkt. No. 1-1 ¶ 7. Defendant Deputy Zachary Brooks identified the individual being sought for questioning as Plaintiff Richard Tyler VanNewhouse ("Tyler"). Id. Deputies entered the property of Plaintiff Richard Kirk VanNewhouse ("Kirk"), Tyler's father, and questioned Kirk about Tyler's whereabouts. Id. ¶ 8. Kirk responded truthfully to the deputies' questions. Id. Defendant Deputy Brooks, however, described in his police report that Kirk refused to assist the deputies in detaining Tyler and refused to convey to Tyler the deputies' orders. Id. ¶ 9. The deputies arrested Kirk for obstruction. Id. He was taken to the Effingham County jail where he spent the night, and he was released on bond the next day. Id. ¶ 12.

The deputies located Tyler's van and spoke to Tyler on a cell phone, and then the deputies located Tyler. Id. ¶ 10. Tyler did not attempt to run, escape or evade the deputies. Id. ¶ 11. Defendant Deputy John Morris deployed his K-9, which bit Tyler repeatedly. Id. Tyler was beaten by several Effingham County Sheriff's Office deputies after he was handcuffed and taken into

2

custody.  Id.  Tyler was taken to the Effingham County hospital for treatment of his injuries, then he was transferred to the Effingham County jail, where he spent thirty-one days before being released on bond.  Id. ¶ 13.

Kirk and Tyler initiated this civil rights action in Effingham County Superior Court on December 4, 2023.[1]  Dkt. No. 1-1 at 2. Collectively, Tyler and Kirk assert claims of emotional distress against the individual Deputy Defendants (Count II), negligent training and/or supervision against the County and Sheriff McDuffie (Count III), failure to implement appropriate policies, customs and practices resulting in civil rights violations ("Monell" claim) against the County and Sheriff McDuffie (Count IV), false swearing against the individual Deputy Defendants (Count V), and respondeat superior against the County and Sheriff McDuffie (Count VI), as well as claims for punitive damages (Count VII) and attorney's fees (Count VIII).  See id. at 3-8.  Finally, Tyler individually asserts an excessive force claim against the Deputy Defendants (Count I), id. at 5, and Kirk individually asserts a wrongful arrest claim against the Deputy Defendants (Count IX), id. at 9.

---

[1] At the time they filed their complaint, Plaintiffs were represented by counsel. See Dkt. No. 1-1 at 10. Counsel, however, has failed to make an appearance in this case as directed by the Court. See Dkt. No. 2.

On January 5, 2024, Defendants removed the case to this Court. Dkt. No. 1. Then, on January 12, 2024, Defendants filed motions to dismiss. Dkt. Nos. 12, 13. Plaintiffs have filed no response.

## LEGAL AUTHORITY

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well pleaded allegations of the complaint as true and views them in the light most favorable to the non-moving party. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998). "A complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) ("If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint."). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."

4

Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

### I. The County's Motion to Dismiss

Defendant County moves to dismiss all Plaintiffs' claims against it, i.e. their negligent training and/or supervision claim (Count III), their Monell claim (Count IV), and their respondeat superior claim for the alleged acts of the Deputy Defendants (Count VI). Dkt. No. 12 at 1-2. The County argues Plaintiffs' claims should be dismissed because they have failed to state a claim for which relief can be granted. Id. at 2, 3 (citing Fed. R. Civ. P. 12(b)(6)).

The County makes three arguments for dismissal: 1) Both Plaintiffs' negligent training/supervision claim and respondeat superior claim fail because only the Sheriff—not the County—can be liable for the Deputy Defendants' conduct; 2) those same claims are barred by sovereign immunity; and 3) Plaintiffs have failed to

allege a Monell claim against the County. Dkt. No. 12 at 2. The Court starts with the County's first argument.

### a. Plaintiffs' State Law Claims Against the County

Plaintiffs have alleged two state law claims against the County: negligent training and/or supervision of the Deputy Defendants and respondeat superior for the acts of the Deputy Defendants. Dkt. No. 1-1 ¶¶ 20-21, 28-29.

Under Georgia law, claims for negligent training and supervision are based on the alleged negligent acts of an employee's employer. Quynn v. Hulsey, 850 S.E.2d 725, 729 (Ga. 2020). Similarly, under the respondeat superior theory, "an employer is liable for the torts of an employee if 'the employee was acting in the scope of [his] employment and on the business of the employer at the time of the injury.'" Ga. Interlocal Risk Mgmt. Agency v. Godfrey, 614 S.E.2d 201, 204 (Ga. Ct. App. 2005) (quoting Nelson v. Silver Dollar City, 547 S.E.2d 630 (Ga. Ct. App. 2001)). Therefore, to state a claim against the County for negligent training or negligent supervision of the Deputy Defendants or for respondeat superior for the Deputy Defendants' conduct, Plaintiffs must allege facts that, if true, show the County is the Deputy Defendants' employer.

The County argues that "the sheriff, and not the county, is liable for the misconduct of his deputies." Dkt. No. 12 at 5 (quoting Nichols v. Prather, 650 S.E.2d 380, 386 (Ga. Ct. App.

6

2007)).  Indeed, under Georgia law, "[d]eputy sheriffs . . . are employees of the sheriff, whom the sheriffs alone are entitled to appoint or discharge.  They have no duties save alone duties of the sheriff, which as his deputy and his agent they are by law authorized to perform."  Nichols, 650 S.E.2d at 386.  Simply put, the County cannot be liable for negligently training or supervising the Deputy Defendants who were not its employees but employees of the Sheriff.  Nichols, 650 S.E.2d at 386.  In the same vein, the County cannot be vicariously liable under respondeat superior for the Deputy Defendants' actions because the County is not their employer.  Therefore, the County's motion to dismiss Plaintiffs' claims for negligent training, negligent supervision, and respondeat superior is **GRANTED**.[2]  Dkt. No. 12.

### b. Plaintiffs' Monell Claim Against the County

Plaintiffs' Count IV against the County is entitled "Failure to implement appropriate policies, customs and practices resulting in civil rights violations."  Dkt. No. 1-1 at 6-7.  Though Plaintiffs do not mention 42 U.S.C. § 1983, their claim is necessarily brought pursuant to that statute.  It provides:

> Every person who, under the color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States

---

[2] Because the Court grants the County's motion to dismiss as to Plaintiffs' state law claims based on the County not being the Deputy Defendants' employer, the Court need not address the County's argument that sovereign immunity bars Plaintiffs' state law claims.

or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Supreme Court has held that counties and other local government entities are "persons" within the scope of § 1983 and subject to liability. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978)). In order to establish municipal liability, a plaintiff must show that the municipal employee's unconstitutional acts "implement[ ] or execute[ ] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or else are taken "pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision making channels." Monell, 436 U.S. at 690-91. To state a claim for relief under Monell, a plaintiff must plead factual allegations which, if proven true, would be sufficient to establish that the municipality either had an official policy of permitting unconstitutional acts or was on notice of a need to implement a policy preventing unconstitutional acts. See Grider v. Cook, 522 F. App'x 544, 547-48 (11th Cir. 2013) (affirming dismissal of Monell claim where plaintiff "did not provide any specific facts about any policy or custom that resulted in his alleged constitutional deprivation"); Williams v. Fulton Cnty. Sch. Dist., 181 F. Supp. 3d 1089, 1122 (N.D. Ga. 2016)

(noting that knowledge of constitutional violations is required for Monell claim and that knowledge "may come from actual notice, or may be imputed via constructive notice under some circumstances through notice to an appropriate senior official").

In their complaint, Plaintiffs allege the County "explicitly or implicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, allowing employees of the Effingham County Sheriff's Department to engage in behavior inappropriate for law enforcement officers, including permitting law enforcement personnel to utilize excessive force in the apprehension of suspects without proper training as to these matters and in such a way as to cause harm to citizens without lawful justification."  Dkt. No. 1-1 ¶ 22. Further, Plaintiffs allege the County failed to "adequately train and supervise those law enforcement officers for whom they are responsible" which led "to their willingness to engage in conduct that violated [Plaintiffs' rights] under the Fourth, and/or Fourteenth Amendments."  Id. ¶ 23.

The County argues Plaintiffs' Monell claim should be dismissed for two reasons.  First, the County argues Plaintiffs' "threadbare count solely contains conclusory statements which are not sufficient to state a claim."  Dkt. No. 12 at 8.  Second, the County argues that Plaintiffs' Monell claim against the County is precluded by Georgia law.  Id.

9

As to the County's first argument, the Court agrees Plaintiffs have failed to plausibly allege § 1983 liability on the part of the County. First, their allegation that the County failed to "adequately train and supervise those law enforcement officers for whom they are responsible" which led "to their willingness to engage in conduct that violated [Plaintiffs' rights] under the Fourth, and/or Fourteenth Amendments" is conclusory and not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79. Further, though Plaintiffs identify one policy which would result in constitutional violations, dkt. no. 1-1 ¶ 22 ("permitting law enforcement personnel to utilize excessive force in the apprehension of suspects"), they fail to provide any factual allegations about that policy to show it resulted in their alleged constitutional deprivation. Grider, 522 F. App'x at 548, see also DiPietro v. Med. Staff at Fulton Cnty. Jail, 805 F. App'x 793, 795 (11th Cir. 2020) ("[T]o state a claim under § 1983 against a local governing body for the unconstitutional actions of its employees or agents, a plaintiff must allege *facts showing* that the municipality had an official policy or custom that constituted deliberate indifference to his constitutional rights[.]" (emphasis added)). Finally, Plaintiffs fail to allege any previous incidents which would have put the County on notice of constitutional violations. Williams, 181 F. Supp. 3d at 1122; see also Connick v. Thompson, 563 U.S. 51, 62 (2011) (noting that to satisfy the

notice requirement, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary'"). Therefore, Plaintiffs' Monell claim against the County cannot survive, and the County's motion to dismiss this claim is **GRANTED**.

Even if Plaintiffs' Monell claim did satisfy pleading requirements, the claim as pleaded would still fail under Georgia law. "In Georgia, a county has no authority and control over the sheriff's law enforcement function. [The] County does not, and cannot, direct the Sheriff how to arrest a criminal, how to hire, train, supervise, or discipline his deputies, what polices to adopt, or how to operate his office[.]" Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1347 (11th Cir. 2003). "The counties' lack of authority and control over sheriffs explains why counties have no § 1983 liability for their conduct." Id. "A sheriff's policy or practice cannot be said to speak for the county because the county has no say about that policy or practice." Id. As the Eleventh Circuit has stated, "a county is liable under § 1983 only for acts for which the county is actually responsible." Id. (citing Marsh v. Butler Cnty., 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc)). Because Plaintiffs' Monell claim arises from their arrest by the Deputy Defendants during which the Deputy Defendants allegedly used excessive force, any policy or practice regarding excessive force necessarily implicates the Sheriff, not the County, which has "no authority or control over the sheriff's law enforcement

11

function." Id. Accordingly, the County's motion to dismiss Plaintiffs' Monell claim against it is also **GRANTED** on this ground.

Because all Plaintiffs' claims against the County fail, the County's motion to dismiss, dkt. no. 12, is **GRANTED** in its entirety.

## II. Sheriff McDuffie and the Deputy Defendants' Motion to Dismiss

Defendant Sheriff McDuffie, along with the Deputy Defendants, move to dismiss only some of Plaintiffs' claims against them. Dkt. No. 13. Specifically, they move to dismiss Plaintiffs' negligent training and/or supervision claim against Sheriff McDuffie (Count III), Plaintiffs' false swearing claim against the Deputy Defendants (Count V), Plaintiffs' respondeat superior claim against Sheriff McDuffie (Count VI), and Kirk's wrongful arrest claim against the Deputy Defendants (Count IX). Id. at 2. Like the County, Defendant Sheriff McDuffie and the Deputy Defendants argue Plaintiffs have failed to state a claim for which relief can be granted. Id. at 3.

Sheriff McDuffie and the Deputy Defendants make two arguments for dismissal: 1) Plaintiffs' state law claims against Sheriff McDuffie, i.e. their negligent training and/or supervision claim and their respondeat superior claim—are barred by sovereign immunity; and 2) Plaintiffs have failed to state a claim for false

12

swearing and wrongful arrest against the individual Deputy Defendants.

### a. Plaintiffs' State Law Claims against Sheriff McDuffie

Plaintiffs have alleged two state law claims against Sheriff McDuffie: negligent training and/or supervision of the Deputy Defendants and respondeat superior for the acts of the Deputy Defendants. Dkt. No. 1-1 ¶¶ 20-21, 28-29. Sheriff McDuffie contends these claims are barred by sovereign immunity.

"In Georgia, 'sovereign immunity extends to the state and all of its departments and agencies.'" Carter v. Butts Cnty., Ga., 821 F.3d 1310, 1323 (11th Cir. 2016) (quoting Ga. Const. art. I § 2, ¶ IX; Gilbert v. Richardson, 452 S.E.2d 476, 479 (Ga. 1994)). "This includes sheriffs and counties." Id. "A defendant sued in his official capacity," like Sheriff McDuffie, "is entitled to the benefit of the sovereign-immunity defense, but only to the extent that the County has not waived it." Id. Therefore, absent a waiver, Plaintiffs' state law claims are barred. Hood v. Lawrence, No. 5:21cv64, 2022 WL 889964, at *7 (S.D. Ga. Mar. 25, 2022) (citing Howard v. City of Columbus, 521 S.E.2d 51, 65 (Ga. Ct. App. 1999) ("[T]he county sheriff in his official capacity is immune from tort liability in performing an official function and may be liable only to the extent that the county ha[s] waived [its] immunity[.]")). In their complaint, Plaintiffs do not allege any such waiver of the County's sovereign immunity. See Dkt. No. 1-

1. Accordingly, Sheriff McDuffie is entitled to sovereign immunity and his motion to dismiss, dkt. no. 13, is **GRANTED without prejudice** as to Plaintiffs' state-law claims of negligent training and/or supervision and respondeat superior.

### b. Plaintiffs' False Swearing Claim against the Deputy Defendants

The Deputy Defendants argue Plaintiffs' false swearing claim should be dismissed because it fails to assert factual allegations sufficient to meet federal pleading standards. Dkt. No. 13 at 6-7 (citing Iqbal, 556 U.S. at 678).

In the complaint, Plaintiffs allege "Defendants Deputies Zachary Brooks, John Preston Morris, III and Deputy Sgt. Max Barber knowingly and willfully made false statements in the official reports that they filed or approved after having arrested the Plaintiff." Dkt. No. 1-1 at 8. Plaintiffs further allege "[t]he false statements . . . were created knowingly and intentionally to mask their illegal conduct committed during the apprehension and arrest of Plaintiff [Tyler]." Id.

Absent from Plaintiffs' complaint is any example or explanation of what false statements these Defendants made in their reports. As the Supreme Court has held, "the pleading standard [Federal Rule of Civil Procedure] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Here, Plaintiffs' conclusory factual allegations are "'merely consistent with'" Defendants' liability and therefore "'stop[] short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the Deputy Defendants' motion to dismiss, dkt. no. 13, is **GRANTED** as to Plaintiffs' false swearing claim.

### c. Kirk's Wrongful Arrest Claim against the Deputy Defendants

The Deputy Defendants argue Plaintiff Kirk VanNewhouse's wrongful arrest claim should also be dismissed because he fails to assert factual allegations sufficient to meet federal pleading standards. Dkt. No. 13 at 7.

In the complaint, Kirk alleges that when the Deputy Defendants came to his residence looking for Tyler, he "responded truthfully to questions posed to him by law enforcement about his son's location." Dkt. No. 1-1 ¶ 8. Kirk alleges "Deputy Brooks described in his police report that Kirk refused to assist law enforcement's efforts to detain Tyler and refused to convey to Tyler the deputies' lawful orders, so Kirk was arrested for obstruction." Id. ¶ 9. Kirk disputes Defendant Deputy Brooks's recitation of what transpired when Brooks came to Kirk's residence looking for Tyler. Id. ¶ 35. Kirk alleges "Deputy Barber's

15

explanation for Kirk's arrest simply fails to contain any facts to justify that arrest." Id. Kirk further alleges he did not obstruct any of the Deputy Defendants when they came to his residence, and he had "no legal duty to summon Tyler nor to convey the deputies' order to him." Id. ¶ 36.

"An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim." Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010). To state a claim under § 1983, a plaintiff must allege "'(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law.'" Delaney v. Rockefeller, No. 11-61521-CIV, 2011 WL 3204182, at *1 (S.D. Fla. July 27, 2011) (quoting Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005)).

In Georgia, a "wrongful arrest" (without a warrant) claim is actually a false imprisonment claim. Martin v. United States, 631 F. Supp. 3d 1281, 1298 (N.D. Ga. 2022). False imprisonment is "'the unlawful detention of the person of another, for any length of time, whereby such a person is deprived of his personal liberty.'" Id. (quoting O.C.G.A. § 51-7-20). "The only essential elements of [false imprisonment] being the detention and its unlawfulness, malice and the want of probable cause need not be shown." Carnegay v. WalMart Stores, Inc., 839 S.E.2d 176, 181

(Ga. Ct. App. 2020) (alteration adopted) (quoting Ferrell v. Mikula, 672 S.E.2d 7, 10 (Ga. Ct. App. 2008)).

Kirk's wrongful arrest claim meets Rule 8's pleading requirements with regard to Defendant Deputy Brooks only. Kirk alleges that, despite his compliance with law enforcement's request for information about Tyler's whereabouts, Defendant Deputy Brooks wrote in his report that Kirk refused to assist law enforcement. Dkt. No. 1-1 ¶¶ 8, 9. As a result, Kirk was arrested for obstruction. Id. ¶ 9. These allegations are sufficient to state a claim against Defendant Deputy Brooks for a Fourth Amendment violation under § 1983 or a false imprisonment claim under Georgia law. Accordingly, Deputy Defendants' motion to dismiss Kirk's wrongful arrest claim against Defendant Deputy Brooks is **DENIED**. Dkt. No. 13.

While the Deputy Defendants argue that "Plaintiffs do not even identify whether their 'wrongful arrest' claim arises under state or federal law," the Court concludes Kirk has sufficiently alleged a claim against Defendant Deputy Brooks under both. Though Kirk does not identify the specific constitutional right that was violated by his alleged wrongful arrest, the claim clearly implicates the Fourth Amendment, which Plaintiffs invoke elsewhere in the complaint. Dkt. No. 1-1 ¶ 14. Similarly, though Kirk does not specifically allege the Deputy Defendants acted under color of

17

state law within his wrongful arrest count, he does make that allegation elsewhere in the complaint. Dkt. No. 1-1 ¶ 14.

With regard to Kirk's wrongful arrest claim against Defendant Deputy Barber, Kirk's only allegation is that "Deputy Barber's explanation for Kirk's arrest simply fails to contain any facts to justify that arrest." Id. ¶ 35. Unlike his allegation against Defendant Deputy Brooks, Kirk's allegation against Defendant Deputy Barber does not identify any specific statements Barber made or indicate how any such statements were untruthful. These factual allegations are insufficient to state a claim for wrongful arrest against Defendant Deputy Barber. Therefore, Deputy Defendants' motion to dismiss Kirk's wrongful arrest claim against Defendant Deputy Barber is **GRANTED**. Dkt. No. 13. Further, to the extent Kirk asserts a wrongful arrest claim against either Defendant Deputy Davis or Defendant Deputy Morris, his factual allegations are insufficient to state a claim against them. Deputy Defendants' motion to dismiss as to Kirk's wrongful arrest claim against Davis and Morris is therefore **GRANTED**. Id.

## CONCLUSION

Defendant County's motion to dismiss is **GRANTED** in its entirety. Dkt. No. 12. Therefore, Plaintiffs' claims against the County, i.e. their negligent training and/or supervision claim (Count III), their Monell claim (Count IV), and their respondeat superior claim for the alleged acts of the Deputy Defendants (Count

18

VI), are **DISMISSED**.  The Clerk is **DIRECTED** to terminate the County as a Defendant in this action.

Defendant Sheriff McDuffie and the Deputy Defendants' partial motion to dismiss, dkt. no. 13, is **GRANTED in part and DENIED in part**.  The motion is **GRANTED** as to Plaintiffs' claims against Sheriff McDuffie for negligent training and/or supervision (Count III) and respondeat superior for the alleged acts of the Deputy Defendants (Count VI).  The motion is also **GRANTED** as to Plaintiffs' claims against the Deputy Defendants for false swearing (Count V) and Kirk's wrongful arrest claim against Deputy Defendants Barber, Davis, and Morris (Count IX).  Therefore, all these claims are **DISMISSED**.  The motion is **DENIED** as to Kirk's wrongful arrest claim against Defendant Deputy Brooks (Count IX).

Plaintiffs' emotional distress claim against the individual Deputy Defendants (Count II), Plaintiffs' Monell claim against Sheriff McDuffie (Count IV), Plaintiffs' claim for punitive damages (Count VII), Plaintiffs' claim attorney's fees (Count VIII), Tyler's excessive force claim against the individual Deputy Defendants (Count I), and Kirk's wrongful arrest claim against Defendant Deputy Brooks (Count IX) remain pending.

**SO ORDERED**, this 13th day of February, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

19