UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RICHARD TYLER VANNEWHOUSE and RICHARD KIRK VANNEWHOUSE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV424-006 |
| JIMMY MCDUFFIE, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## ORDER

After a careful, <u>de novo</u> review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 49, to which objections have been filed by Richard Kirk Vannewhouse[1] ("Kirk" or "Kirk Vannewhouse"), dkt. no. 50. Defendants have filed a Response to the objections. Dkt. no. 51. As discussed more fully below, Kirk

---

[1] Kirk Vannewhouse's filing presents objections on behalf of both Plaintiffs, see dkt. no. 50 at 1 ("Here are our objections to the report we received on the 3rd of July, 2025. We object to the findings from this judge . . . ."), although the document is only signed by Kirk and he states that he is not representing Richard Tyler Vannewhouse ("Tyler"), <u>id.</u> at 2. This Court has previously explained to Plaintiffs that this Court will not consider documents filed by Kirk on behalf of Tyler, to the extent that they purport to present arguments on Tyler's behalf. See dkt. no. 44 at 3-4. Functionally, this means that Kirk Vannewhouse has timely objected to the Magistrate Judge's Report and Recommendations but Tyler has not.

Vannewhouse's objections to the Magistrate Judge's analysis are meritless. Accordingly, they are **OVERRULED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Dkt. no. 49.

As the Magistrate Judge summarized, Plaintiffs alleged various constitutional and state law violations stemming from their arrests on December 5, 2021. Dkt. no. 49 at 1-5. Following the resolution of two Motions to Dismiss, the following claims remained: Tyler's excessive force claim against the individual Deputy Defendants (Count I), Kirk's "wrongful arrest" claim against Defendant Deputy Brooks (Count IX), Plaintiffs' *Monell* claim against Sheriff McDuffie (Count IV), Plaintiffs' emotional distress claim against the individual Deputy Defendants (Count II), Plaintiffs' claim for punitive damages (Count VII), and Plaintiffs' claim for attorney's fees (Count VIII). See dkt. no. 20 at 19. The Magistrate Judge recommends granting the Defendants' Motion for Summary Judgment on all remaining claims. See generally dkt. no. 49. This recommendation is largely predicated on facts that were deemed admitted because Plaintiffs failed to timely respond to Defendants' Requests for Admission. Dkt. no. 49 at 9-10 (noting that Plaintiffs'

discovery conduct rendered dispositive issues, such as the objective reasonability of the officers' use of force on Tyler Vannewhouse, "conclusively established.").

Kirk Vannewhouse first objects to the Magistrate Judge's findings because they are "on legal procedures instead of [the] merits of the case."[2] Dkt. no. 50 at 1. This argument is baseless. All parties in this Court, including pro se litigants, are required to adhere to procedural rules, and failure to do so carries consequences. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); see also Brandon v. Lockheed Martin Aeronautical Sys., 393 F. Supp. 2d 1341, 1348 (N.D. Ga. 2005) ("While courts show leniency to pro se litigants . . . this leniency does not permit a court to serve as de facto counsel for a party or to overlook deficiencies in their filings." [Cit.] In addition, although the Court will liberally construe pro

---

[2] In furtherance of his effort to have this matter resolved on the "merits," Kirk Vannewhouse's objections present a factual recitation of the events of December 5, 2021 from his perspective. See dkt. no. 50. Such a recitation does not implicate the Magistrate Judge's application of the relevant law, nor does it implicate the conclusion that the facts should be "conclusively established" by operation of that law. Therefore, the Court will not consider Kirk Vannewhouse's factual presentation in resolving his objections.

3

se pleadings, pro se litigants are still required to conform to the procedural rules." (internal citations omitted)). Here, Plaintiffs failed to conform to the Federal Rules of Civil Procedure and timely respond to Defendants' discovery requests. They are subject to the consequences of that failure, and the Magistrate Judge's application of Rule 36 was not erroneous.

Next, Kirk Vannewhouse implies that the Magistrate Judge should not have deemed Defendants' Requests for Admission admitted, and therefore conclusively established for purposes of this litigation, because "we turned in our Answers to the questions through our attorney at the time and he did not turn them in for [u]s and upon being notified we resubmitted the answers quickly and in not as much detail as the first time but either way they received our answers." Dkt. no. 50 at 1. First, Defendants clarify in their Response that they did not serve Plaintiffs with Requests for Admission while they were represented by counsel, an assertion that Plaintiffs do not rebut. Dkt. no. 51 at 2. Second, Kirk Vannewhouse provides no evidence that Plaintiffs did, in fact, timely respond to any of Defendants' Requests for Admission. See dkt. no. 50. To the contrary, the record in this matter suggests that Plaintiffs did not

4

timely respond to the Defendants' discovery requests. See dkt. no. 34 at 2; see also dkt. no. 34-3. Moreover, Plaintiffs did not address Defendants' contentions regarding their failure to respond to properly served discovery in their Responses to the Motion for Summary Judgment. See generally dkt. nos. 45 & 46. As such, the Magistrate Judge is correct that Plaintiffs' admissions are deemed "conclusively established" based on the record before the Court.

Kirk Vannewhouse insinuates that the Magistrate Judge has a conflict of interest because he was previously a partner at the firm representing Defendants. Dkt. no. 50 at 1-2. Two federal statutes govern judicial disqualification due to conflicts of interest. The first, 28 U.S.C. § 144, only applies when "a party . . . makes and files a timely and sufficient affidavit . . . ." Since no such affidavit has been filed, it does not apply here. The second, 28 U.S.C. § 455, "places a judge under a self-enforcing obligation to recuse himself where the proper legal grounds exist." United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987), superseded by statute on other grounds as recognized by J.W. by and through Tammy Williams v. Birmingham Bd. of Ed., 904 F.3d 1248, 1254 (11th Cir. 2018). Courts have generally recognized that prior partnership

in the law firm representing a party is not an absolute bar on a judge's hearing a case. See Draper v. Reynolds, 369 F.3d 1270, 1281 (11th Cir. 2004) (prior partnership in law firm not grounds for recusal); In re Apex Oil Co., 981 F.2d 302, 304 (8th Cir. 1992) (judge with prior partnership in law firm that represented party involved in case was not required to recuse); Ford v. Bank of Am., 2000 WL 1028238, * 2 (10th Cir. July 26, 2000) (unpublished) (disqualification not required because of judge's prior employment with law firm representing defendants). Therefore, in the absence of any other evidence suggesting that the Magistrate Judge was impermissibly conflicted in this matter, see generally dkt. no. 50, the Magistrate Judge was under no obligation to recuse himself from this case. This objection is meritless.

Last, argued in conjunction with his argument concerning the Magistrate Judge's conflict of interest, Kirk Vannewhouse states, "[t]he first Judge we got already okayed us to go to trial and these deputies lost their qualified immunity . . . ." Dkt. no. 50 at 1. As Defendants point out without rebuttal from Plaintiffs, Defendants have not been previously denied qualified immunity and this case has never been set down for

trial. Dkt. no. 51 at 2, n.2. Kirk Vannewhouse's final objection is meritless.

For these reasons, Plaintiff Kirk Vannuewhouse's objections are all **OVERRULED**. Dkt. no. 50. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Dkt. no. 49. Defendants' Motion for Summary Judgment, dkt. no. 34, is **GRANTED**. The Clerk is **DIRECTED** to **CLOSE** civil action CV424-006 and enter the appropriate judgment of dismissal.

**SO ORDERED** this \_\_25\_\_ day of July, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA